UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| GARRY ANTHONY BROWER, AS EXECUTOR OF THE DECEASED BRIAN BOWER' ESTATE,<br><br>　　　　　　　Plaintiff,<br><br>　v.<br><br>UNITED STATES OF AMERICA,<br><br>　　　　　　　Defendant. | CASE NO. C20-5315 RJB<br><br>ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL MOTION TO DISMISS UNDER RULE 12(B)(1) |

This matter comes before the Court on Defendant's Motion for Summary Judgment, or in the Alternative, Partial Motion to Dismiss Under Rule 12(b)(1). Dkt. 9. The Court has considered the pleadings filed in support of and in opposition to the motions and the file herein. For the reasons set forth below, Defendant's motion for summary judgment should be denied as moot, and Defendant's alternative partial motion to dismiss should be granted.

### I.    FACTS AND PROCEDURAL HISTORY

Plaintiff filed a complaint in this case on April 1, 2020. Dkt. 1. Brian Brower ("Decedent") was apparently a patient of Defendant through the VA Puget Sound Health Care

ORDER ON DEFENDANT'S MOTION FOR SUMMARY JUDGMENT, OR IN THE ALTERNATIVE, PARTIAL MOTION TO DISMISS UNDER RULE 12(B)(1) - 1

System, North Olympic Peninsula Clinic. Dkt. 1, at 3. Plaintiff alleges that "Defendant negligently failed to protect Decedent Brian Brower as a high risk for suicide by failing to act in a timely fashion to diagnose and to provide standard of care medical treatment[.]" Dkt. 1, at 16. Plaintiff claims that he "has suffered the loss of his son and is entitled to recover for pain and suffering, and the full value of all other categories of damages permissible by law." Dkt. 1, at 17.

### 1. DEFENDANT'S INSTANT MOTION

Defendant's instant motion argues that the Court should (1) grant Defendant's motion to dismiss because Plaintiff failed to timely file suit, or, (2) in the alternative, grant Defendant's partial motion to dismiss Plaintiff's claim for damages beyond those for lost future wages and benefits because Plaintiff failed to administratively exhaust any claims for damages other than lost future income and compensation. Dkt. 9.

The summary judgment portion of the instant motion contends that Plaintiff's claims are time-barred by one day. Dkt. 9, at 4, *et seq*. The motion argued that, pursuant to a six-month limitations period, Plaintiff had to either file a lawsuit in federal district court or file a request for reconsideration by March 6, 2019. Dkt. 9, at 5. Defendant indicated that it had not received Plaintiff's request for reconsideration until March 7, 2019. Dkt. 9, at 5.

In the alternative, the partial motion to dismiss portion of the instant motion contends that Plaintiff failed to exhaust his claim for any damages other than lost wages and benefits. Dkt. 9, at 8, *et seq*. Defendant indicates that, although Plaintiff claims damages for pain and suffering, and the full value of all other categories of damages permissible by law, he did not provide a required sum certain claim for any damages beyond the value of lost future wages and benefits. Dkt. 9, at 9. Accordingly, Defendant requests dismissal of Plaintiff's claims for damages other than lost future wages and compensation. Dkt. 9.

### 2. PLAINTIFF'S RESPONSE

Plaintiff's response brief indicates that his request for reconsideration was timely delivered on March 5, 2019, one day before the close of the six-month limitations period. Dkt. 11. Plaintiff requests that the Court take judicial notice of the time and date of delivery based on an attached United States Postal Service ("USPS") tracking conformation and Certified Mailing receipt. Dkt. 11.

Plaintiff concedes that "general damages were not pled in the initial claim or the reconsideration [request] and that, based on that inadvertent omission, there is no basis to claim that they should be considered. Plaintiff accepts that these damage claims should be dismissed." Dkt. 11, at 4.

### 3. DEFENDANT'S REPLY

Defendant's reply brief provides, in part, that it "withdraws its motion for summary judgment based on the statute of limitations." Dkt. 12, at 2. In light of the USPS tracking confirmation and Certified Mailing receipt attached to Plaintiff's response, Defendant indicates that it apparently made an error recording the date of Plaintiff's request for reconsideration. Dkt. 12. However, Defendant maintains its alternative request to dismiss Plaintiff's claims for damages other than lost future wages and compensation. Dkt. 12.

## II.  DISCUSSION

### A. MOTION FOR SUMMARY JUDGMENT

Defendant withdraws its motion for summary judgment based on the six-month limitations period. Dkt. 12. Therefore, Defendant's motion for summary judgment should be denied as moot. The Court need not discuss taking judicial notice of the date of delivery of Plaintiff's reconsideration request.

**B.  MOTION TO DISMISS UNDER FED. R. CIV. P. 12(b)(1)**

A complaint must be dismissed under Fed. R. Civ. P. 12(b)(1) if, considering the factual allegations in the light most favorable to the plaintiff, the action: (1) does not arise under the Constitution, laws, or treaties of the United States, or does not fall within one of the other enumerated categories of Article III, Section 2, of the Constitution; (2) is not a case or controversy within the meaning of the Constitution; or (3) is not one described by any jurisdictional statute. *Baker v. Carr*, 369 U.S. 186, 198 (1962); *D.G. Rung Indus., Inc. v. Tinnerman*, 626 F.Supp. 1062, 1063 (W.D. Wash. 1986); *see* 28 U.S.C. §§ 1331 (federal question jurisdiction) and 1346 (United States as a defendant). When considering a motion to dismiss pursuant to Rule 12(b)(1), the court is not restricted to the face of the pleadings, but may review any evidence to resolve factual disputes concerning the existence of jurisdiction. *McCarthy v. United States*, 850 F.2d 558, 560 (9th Cir. 1988), *cert. denied*, 489 U.S. 1052 (1989); *Biotics Research Corp. v. Heckler*, 710 F.2d 1375, 1379 (9th Cir. 1983). A federal court is presumed to lack subject matter jurisdiction until plaintiff establishes otherwise. *Kokkonen v. Guardian Life Ins. Co. of America*, 511 U.S. 375 (1994); *Stock West, Inc. v. Confederated Tribes*, 873 F.2d 1221, 1225 (9th Cir. 1989). Therefore, plaintiff bears the burden of proving the existence of subject matter jurisdiction. *Stock West*, 873 F.2d at 1225; *Thornhill Publishing Co., Inc. v. Gen'l Tel & Elect. Corp.*, 594 F.2d 730, 733 (9th Cir. 1979).

The United States, as sovereign, is immune from suit except to the extent it consents to be sued. *United States v. Mitchell*, 463 U.S. 206, 212 (1983). The Federal Tort Claims Act ("FTCA") is the exclusive remedy for any injury allegedly resulting from negligence by government employees acting within the scope of their employment. 28 U.S.C. § 2679(b). An FTCA action may not be maintained when the claimant fails to exhaust administrative remedies

prior to filing suit. *McNeil v. United States*, 508 U.S. 206 (1993). Section 2675(a) of the FTCA requires a claimant to file with the appropriate agency both "(1) a written statement sufficiently describing the injury to enable the agency to begin its own investigation, and (2) a sum certain damages claim." *Warren v. U.S. Dep't of Interior Bureau of Land Mgmt.*, 724 F.2d 776, 780 (9th Cir. 1984). "Since the purpose of the administrative claim is to facilitate settlement of these disputes, a specific dollar amount is necessary to allow realistic assessment of the settlement value of a case." *Caidin v. United States,* 564 F.2d 284, 287 (9th Cir.1977); *Ryan v. United States*, No. C13-5521-RBL, 2013 WL 6493616, at *3 (W.D. Wash. Dec. 10, 2013) ("By failing to present a timely claim for a sum certain, Ryan prevented the Navy from assessing the settlement value of his claim, undermining the settlement goals of the FTCA."). Failure to comply with the sum certain requirement results in a case being treated "as if no administrative claim had ever been filed." *Caidin,* 564 F.2d at 287. Where a claimant later files suit, claims for which a sum certain were not provided should be dismissed. *See, e.g.*, *Blair v. I.R.S.*, 304 F.3d 861, 866–67 (9th Cir. 2002).

Here, Plaintiff concedes that his claims for damages did not contain a sum certain except for lost future wages and compensation. *See* Dkt. 11, at 4. Therefore, Plaintiff's alternative partial motion to dismiss should be granted. Plaintiff's claims for damages other than lost future wages and compensation should be dismissed.

### III.   ORDER

Therefore, it is hereby **ORDERED** that:

- Defendant's Motion for Summary Judgment, or in the Alternative, Partial Motion to Dismiss Under Rule 12(b)(1) (Dkt. 9) is **GRANTED, IN PART, and DENIED, IN PART,** as follows:

- o   Defendant's motion for summary judgment is **DENIED AS MOOT;** and
- o   Defendant's alternative partial motion to dismiss is **GRANTED.** Plaintiff's claims for damages other than lost future wages and compensation are **DISMISSED.**

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

Dated this 24th day of July, 2020.

*/s/ Robert J. Bryan*
ROBERT J. BRYAN
United States District Judge